UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ruby Billingsley,

    Plaintiff,

v.

OneWest Bank, FSB Indymac
Mortgage Services, HSBC Bank
USA, NA,

    Defendants.

Civil No. 13-cv-129 (JNE/JJK)
ORDER

This case is before the Court on Defendants' motion to dismiss Plaintiff Ruby Billingsley's First Amended Complaint. For the reasons stated below, the Court grants Defendants' motion.

## I.     BACKGROUND[1]

According to her complaint, Billingsley purchased a home and fell behind on her loan payments. She applied for and was accepted into a Home Affordable Modification Trial Period Plan ("Plan") in January 2010. She made three on-time monthly payments pursuant to the Plan and continued to make monthly payments until October 2010, when Defendants rejected a payment. Defendants told Billingsley that she had understated her income and denied her request for a permanent loan modification. Eventually, Billingsley's home was sold at a sheriff's sale.

Billingsley sued Defendants, and in the First Amended Complaint she alleges four causes of action: breach of contract, violation of the Minnesota Deceptive Trade Practices Act, conversion, and promissory estoppel. Essentially, Billingsley asserts that Defendants improperly denied her request for a permanent loan modification and improperly kept her loan payments.

---

[1]     Defendants have provided the Court with Billingsley's mortgage and the sheriff's certificate of foreclosure sale. The Court will not consider these documents because they are unnecessary for the determination of Billingsley's claims.

1

Defendants moved to dismiss the complaint, and Billingsley failed to respond to Defendants' motion within the 21-day period mandated by Local Rule 7.1(c)(2). But 26 days after Defendants filed their motion, Billingsley filed a document titled "Plaintiff's Responsive Motion to Defendants' Motion to Dismiss." That one-page document reads, "Said Responsive Motion is based upon the [sic] all of the files, records, and proceedings herein and upon the forthcoming Memorandum and Exhibits and arguments of counsel." (Dkt. 57.) No memorandum or exhibits were ever filed. Despite Billingsley's failure to substantively respond to any of the arguments made in Defendants' motion to dismiss, the Court will address the motion on its merits.

## II. ANALYSIS

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Mulvenon v. Greenwood*, 643 F.3d 653, 656 (8th Cir. 2011). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In her breach of contract claim, Billingsley appears to assert that Defendants failed to perform under the Plan when they did not permanently modify her mortgage.[2] But courts in this

---

[2] The First Amended Complaint specifically references the Plan and purports to attach it to the complaint as Exhibit A, but no Exhibit A is attached. After examining the record, the Court discovered that Billingsley attached the Plan to an opposition to an earlier motion to dismiss (Dkt. 23) and that Defendants also attached the Plan to an affidavit filed with the earlier motion to dismiss (Dkt. 8, Exh. 3). The Court will consider the Plan because it is necessarily embraced

district have consistently rejected borrowers' claims that lenders breached a Home Affordable Modification Trial Period Plan when the lenders did not permanently modify mortgages because no enforceable contract to permanently modify the mortgage was formed. *See, e.g.*, *Swanson v. GMAC Mortg., LLC*, Civ. No. 11-944 (DSD/JSM), 2012 WL 1110549, at *3–4 (D. Minn. Apr. 3, 2012), *appeal dismissed*, No. 12-2085 (8th Cir. Feb. 5, 2013); *Racutt v. U.S. Bank, N.A.*, Civ. No. 11-2948 (PAM/JJK), 2012 WL 1242320, at *2 (D. Minn. Feb. 23, 2012); *Laurent v. Mortg. Elec. Registration Sys., Inc.*, Civ. No. 11-2585 (ADM/JJG), 2011 WL 6888800, at *2 (D. Minn. Dec. 30, 2011); *Wittkowski v. PNC Mortg.*, Civ. No. 11-1602 (MJD/JJG), 2011 WL 5838517, at *3–4 (D. Minn. Nov. 18, 2011). The Court concludes that Billingsley's breach-of-contract claim fails.

The Court also dismisses Billingsley's promissory-estoppel claim, because claims based an oral agreement to modify a loan or to suspend a foreclosure fail as a matter of law. *See Brisbin v. Aurora Loan Servs., LLC*, 679 F.3d 748, 752–53 (8th Cir. 2012); *Tharaldson v. Ocwen Loan Servicing, LLC*, 840 F. Supp. 2d 1156, 1162–63 (D. Minn. 2011); *Ming'ate v. Bank of Am., N.A.*, Civ. No. 11-1787 (ADM/TNL), 2011 WL 4590431, at *4–5 (D. Minn. Sept. 30, 2011).

Billingsley's claim under the Minnesota Deceptive Trade Practices Act fails because the cursory allegation that Defendants' conduct harmed her and "Minnesota consumers" is insufficient to allege a public benefit. *See Olivares v. PNC Bank*, Civ. No. 11-1626 (ADM/JJK), 2011 WL 4860167, at *7–8 (D. Minn. Oct. 13, 2011).

---

by the complaint, and even though it is not physically attached to the pleading, no party seems to question its authenticity because both parties have previously submitted the same document to the Court. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (noting that on a motion to dismiss, courts may consider documents outside the pleadings that are necessarily embraced by the complaint and not physically attached to the complaint).

For her conversion claim, Billingsley asserts that after she made the required three monthly payments to Defendants under the Plan, she continued to make payments to Defendants until the end of 2010, and Defendants never returned those payments. According to the complaint, the sheriff's sale occurred in May 2012. "Under Minnesota law, conversion is 'an act of willful interference with [the personal property of another], done, without lawful justification, by which any person entitled thereto is deprived of use and possession.'" *Damon v. Groteboer*, Civ. No. 10-92 (JRT/FLN), 2013 WL 1332009, at *17 (D. Minn. Mar. 29, 2013) (quoting *Christensen v. Milbank Ins. Co.*, 658 N.W.2d 580, 585 (Minn. 2003)). Under the Plan, "all terms and provisions of the [original] Loan Documents remain[ed] in full force and effect." [Docket No. 8, Exh. 3 at ¶ 4.D.] Billingsley has made no allegations that Defendants were not entitled to her loan payments under the original loan documents, and consequently her conversion claim fails. *See generally Bohnhoff v. Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 849, 858 (D. Minn. 2012). Based on the files, records, and proceedings, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss [Docket No. 50] is GRANTED.
2. Billingsley's First Motion to Dismiss [Docket No. 57] is DENIED.
3. Billingsley's First Amended Complaint is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 9, 2013                  s/Joan N. Ericksen
                                                               JOAN N. ERICKSEN
                                                               United States District Judge